IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3044-FL

| | | |
|---|---|---|
| ANTHONY RAY HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| COUNTY OF WAKE; UNKNOWN WORKER; SHERIFF OF WAKE COUNTY; AND MRS. SCOTT, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915. Also before the court are plaintiff's motion to appoint counsel (DE # 6), motion to compel discovery (DE # 7), and motion for settlement (DE # 18). In this posture, the matters are ripe for adjudication.

The court first considers plaintiff's motion to appoint counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has

a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Because plaintiff's claim is not complex, and where he has demonstrated through the detail of his filings he is capable of proceeding *pro se*, this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel is DENIED.

As for plaintiff's motion to compel discovery, the court generally does not intervene in the initial requests for discovery materials. Rather, it is the responsibility of the party seeking discovery to serve his request on the party from whom discovery is sought. In this case, defendants have not been served with plaintiff's complaint. Therefore, plaintiff's motion to compel is DENIED as premature.

The court next considers plaintiff's motion for settlement. Plaintiff's motion is unclear and the court is unable to determine the relief plaintiff seeks. To the extent plaintiff seeks to amend his complaint, he may do so as set forth below. Based upon the foregoing, his motion for settlement is DENIED as moot.

The court now turns to its frivolity review. Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed

2

for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

Plaintiff brings this action against defendants Wake County, the Wake County Sheriff, Mrs. Scott ("Scott"), and an unknown worker. Plaintiff alleges that a judge granted him house arrest, but that he still is being detained at the Wake County Jail. Plaintiff also makes allegations regarding a line-up and witness identification. The court finds that plaintiff has not provided sufficient factual support for these claims. Accordingly, plaintiff may particularize his complaint to name the party responsible for the alleged actions or inactions. Plaintiff must also specifically state the injury stemming from the parties' actions or inactions and the alleged facts to support his claim. Plaintiff is reminded that his amended complaint must comply with Federal Rule of Civil Procedure 8, which provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).

As for plaintiff's remaining claims, he first alleges that various Wake County Jail officials opened his legal mail outside of his presence. Plaintiff's allegations appear to focus on the opening of two brown envelopes on January 11, 2011.[1] Second, plaintiff alleges that he received an electric shock in a janitor's closet at the Wake County Jail due to faulty wiring. Plaintiff states that the

---

[1] The court notes that plaintiff has not alleged any injury resulting from the alleged interference with his legal mail as required by Lewis v. Casey, 518 U.S. 343, 350-54 (1996).

alleged incident resulted in his termination from his cleaning job. Third, plaintiff alleges that he is not permitted to contact an attorney or bonding service from the Wake County Jail telephones. Fourth, plaintiff alleges that he is forced to sleep on the floor while other inmates with similar pending charges are subject to more favorable treatment. Fifth, plaintiff alleges that he is not provided enough food at the Wake County Jail. Plaintiff filed a previous action, Harris v. Harrison, No. 5:11-CT-3021-D (E.D.N.C. July 26, 2011) ("Harris I"), in which he raised the same claims against Wake County, the City of Raleigh, and Mrs. Scott. On July 26, 2011, Harris I was dismissed with prejudice as frivolous. Accordingly, the court must determine whether plaintiff's claims in this action against the remaining defendants are barred by the principles of *res judicata*.

Federal courts have long adhered to the doctrine of *res judicata*, in which "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). The three elements of a *res judicata* defense are: (1) a final judgment on the merits in the prior suit; (2) identity of parties or their privies in both suits; and (3) identity of the causes of action in the two suits. Andrews v. Daw, 201 F.3d 521, 524 (4th Cir. 2000). The Supreme Court furthermore has held that the doctrine of *res judicata* applies to actions brought under § 1983. See Preiser v. Rodriquez, 411 U.S. 475, 497 (1973).

Regarding element one, the court in Harris I dismissed plaintiff's claim against Wake County, the City of Raleigh, and Mrs. Scott as frivolous pursuant to § 1915(e)(2)(B). A dismissal pursuant to § 1915 is not a dismissal on the merits. Denton, 504 U.S. at 34. Instead, it is "an exercise of the court's discretion under the *in forma pauperis* statute." Id. As such, a § 1915 dismissal does not bar future litigation of a paid complaint based upon the same allegations, but may have a *res judicata*

4

effect on "frivolousness determinations for future *in forma pauperis* petitions." Id. (citing Bryant v. Civiletti, 663 F.2d 286, 287-88 n.1 (D.C. Cir. 1991) (§ 1915(d) dismissal as frivolous is *res judicata*). The Fourth Circuit has held that a claim dismissed pursuant to § 1915 has *res judicata* effect on a subsequent action where the first action was adjudicated on the merits. Hemphill v. Beasley, 944 F.2d 901, 1991 WL 191370, *1 (4th Cir. 1991).

Here, the court in Harris I addressed the merits of plaintiff's claims and dismissed it with prejudice. Plaintiff in this case raises the identical claims previously dismissed on the merits in Harris I. Therefore, element one of the *res judicata* test is satisfied.

Regarding element number two--identity of the parties--the parties are the same in both actions.[2] As for the final element of the *res judicata* test, plaintiff brought the same claims in this action as he did in the prior action. Accordingly, element three of the *res judicata* doctrine is satisfied. Therefore, because all of the *res judicata* elements are satisfied, plaintiff's claim is barred by the doctrine of *res judicata*.

In summary, plaintiff may particularize his complaint as set forth above. Plaintiff must submit his amended pleading within fourteen (14) days of this order. Failure to respond to this court's order will result in dismissal of plaintiff's action without prejudice. Plaintiff's remaining claims are barred by the doctrine of *res judicata*. Finally, plaintiff's motion to appoint counsel (DE

---

[2] Plaintiff names an "unknown worker" in this action. Plaintiff, however, has not made any allegations against this defendant. Thus, the unknown worker defendant does not affect the identity of the parties element of the res judicata test.

# 6) is DENIED, his motion to compel discovery (DE # 7) is DENIED as premature, and his motion for settlement (DE # 18) is DENIED as moot.

SO ORDERED, this the 11th day of December, 2011.

*LOUISE W. FLANAGAN*
United States District Judge